THE STATE OF KANSAS v. A. H. BOYD.
No. 233.

CRIMINAL PRACTICE—*attorney should not refer to fact that defendant did not testify.* Where a prosecuting attorney in his closing argument to the jury said, " If the defendant did not make these sales, why did he not go upon the stand and deny it? " *held*, that for such irregularity the defendant, on his motion, should be granted a new trial, and such irregularity on the part of the prosecuting officer cannot be remedied or cured by instructions from the court.

Appeal from Pawnee District Court. Hon. S. W. Vandivert, Judge. Opinion filed May 20, 1897. *Reversed.*

*George Finney*, County Attorney, for appellee.

*F. Dumont Smith*, for appellant.

SCHOONOVER, J. On the nineteenth day of May, 1896, the defendant was convicted in the District Court of Pawnee County, Kansas, on two counts, of the offense of selling intoxicating liquors, and sentenced to the county jail for a period of ninety days, and to pay a fine of three hundred dollars, and the costs of the prosecution. The defendant now appeals to this court.

The error complained of is, that the prosecuting attorney trying the case on behalf of the State, in his closing argument to the jury, said : " If the defendant did not make these sales, why did he not go on the stand and deny it? "

This remark was made in the presence of the court and is of record. The defendant objected to the language of the county attorney, and the court instructed the jury that the comment of the county attorney was improper.

" That the defendant has a right to exercise his own

discretion, and the fact that he failed to go on the stand and testify in his own behalf, should in no sense prejudice the jury against him.''

Section 215 of the Criminal Code (¶ 5280, Gen. Stat. 1889) provides :

'' That the neglect or refusal of the person on trial to testify,  .  .  .   shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place.''

Our Supreme Court has said :

'' We understand the statute is explicit that when a defendant in a criminal case declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and that the court will hold prosecuting attorneys to a strict observance of their duty in this respect.''    *The State v. Moseley*, 31 Kan. 357 ;   *The State v. Tennison*, 42 id. 332.

Mr. Justice Valentine, in delivering the opinion of the court in the case of *The State v. Balch* (31 Kan. 465), a parallel case to the one we are now considering, said :

'' Nor can the principle be tolerated that convictions for violated law may be procured or brought about by the inauguration and accomplishment of other violations of law.   It is also true that in this case the court below instructed the jury that the statement made by the county attorney should not be allowed to work any prejudice to the rights or interests of the defendant. But, under the authorities, the evil done by such an infringement of the law — an infringement of law by the prosecuting officer of the state — cannot be remedied or cured by any mere instruction from the court. The only complete remedy, if the defendant is convicted, is to grant him a new trial on his motion.   Of

course, if he does not want the new trial, or does not make a motion therefor, he should be sentenced.''

Upon this authority the judgment of the court must be reversed and the cause remanded for a new trial.