WILLIAM WILSON V. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 7, 1900.)

1. CRIMINAL TRIAL—*Witness—Credibility of—Remarks of Judge—Error.* On a trial for murder remarks made by the judge during the progress of the trial affecting the character and credibility of a witness are an improper invasion or infringement of the province of the jury, and when it appears that such remarks were prejudicial to the rights of the defendant they constitute reversible error.

2. SAME—*Prosecuting Attorney—Improper Statement to Jury—Prejudical Error.* Where the counsel on behalf of the Territory in his closing argument to the jury uses the following language: "The defendand claims he committed the act of killing in self defense; if so, why did he not come on the witness stand and make that statement," held, to be prejudicial error for which a new trial must be granted on motion of the defendant.

3. SAME—*Error Cannot be Cured, When.* Such misconduct by the counsel for the prosecution cannot be cured or remedied by the withdrawal of the prejudicial statements from the consideration of the jury by the court, and admonishing them that they must not consider the same.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before John C. Tarsney, District Judge.*

*F. E. Gillett, P. O. Cassidy* and *Ed. O. Cassidy,* for plaintiff in error.

*J. H. Campbell, County Attorney,* for defendant in error.

Opinion of the court by

HAINER, J.: The plaintiff in error was indicted by the grand jury of Blaine county on the 28th day of

September, 1898, charged with the crime of murder of one Crate. Hudspeth, in said county, on the 17th day of July, 1898. On the 3rd day of October, 1898, the said defendant was placed upon trial, and on the 5th day of October the jury returned a verdict against the defendant, finding him guilty of manslaughter in the second degree. Motion for a new trial was duly made, overruled, and exception reserved by the defendant.. On the 6th day of October, 1898, the defendant was sentenced to imprisonment for a period of four years at hard labor in the territorial penitentiary at Lansing, Kansas. From this judgment the defendant appeals to this court.

The plaintiff in error seeks to reverse the case upon two assignments of error: (1) Remarks made by the trial court in the presence of the jury, during the progress of the trial, which were prejudicial to the rights of the defendant; and (2) misconduct of one of the counsel on behalf of the Territory, in the closing argument of the case to the jury.

It appears from the record that one Henry Drennon testified as a witness on behalf of the defendant Wilson, and on cross-examination by the county attorney the following questions were asked and answers returned:

"Question. What is your business? Answer. I am a brick mason by trade.

"Q. How long have you been in Geary? A. I was there about two months.

"Q. What had you been doing there? A. Working for Mr. Waggoner."

After Drennon was excused as a witness Mr. Waggoner, the man referred to in the testimony of

Drennon, was called as a witness and in the course of the examination the following questions were propounded by the court, and answers returned by the witness:

By the court: "Question. Had this young man Drennon been working for you? Answer. Yes, sir.

By the court: "Q. What was he doing?    A.    He dealt craps for me.

By the court: "Q. Is that what you call brick laying?    A.    No, sir. I never said that; he never laid bricks for me.

By the court: "Q. He dealt craps for you, did he? A. Yes, sir.

By the court: "Q. How long has that been? A. It has been quite a while.

By the court: "Q. At Geary? A. Yes, sir."

At the close of the above testimony Jack Patterson was called as a witness on behalf of the defendant, but before he took the witness stand the trial judge, in the presence of the jury, made the following remark: "Gentlemen, this may as well be settled here. I cannot let it pass. The witness Drennon has wilfully testified to a falsehood intending to deceive this jury and this court."

Thereupon Mr. Cassidy, counsel for the defendant, stated to the court: "I object to this statement in the presence of the jury, and except to the statement and language used."

The court, thereupon, in the presence of the jury, further stated: "This witness Drennon intending to give

the court and jury to understand that he was following an honorable occupation, stated under his oath that he was a brick mason by trade, thereby giving weight to his testimony; when in fact he was a gambler by occupation, and violating the law by running a crap table for Waggoner."

Thereupon, Mr. Cassidy, again, as counsel for the defendant, made the following objections: "I protest against this language of the court, and except to it. I want to have a record made of this proceeding, which is prejudicial to my client."

By the court: "This court will not permit itself and its proceedings to be imposed upon in this way."

By Mr. Cassidy: "May it please the court, I protest and except to the statements of the court, and to the violent manner of the court in making them in the presence of the jury."

By the court: "If you want a record, sir, I will give you one. Mr. Sheriff, arrest this witness, Drennon, and bring him into court, and hold him in your custody until further order of the court."

And thereupon, the witness Drennon was arrested and brought before the court, when further proceedings as to him were suspended until the following morning, when the witness was reprimanded by the court and released from custody.

We have no doubt that these remarks, made by the learned trial judge, in the presence of the jury, were highly prejudicial to the rights of the accused. Under

our code of criminal procedure, the jury are the exclusive judges of the weight and credibility to be given to the testimony of a witness. And, therefore, such remarks made by the trial judge, in the course of the trial, in the presence of the jury, affecting the character and credibility of a witness, are an improper invasion or infringement upon the province of the jury, and constitute prejudicial error, which require a reversal of the cause.

Mr. Thompson, in his excellent treatise on trials, section 218, says: "Undoubtedly any remarks of the presiding judge, made in the presence of the jury, which have a tendency to prejudice their minds against the unsuccessful party, will afford ground for the reversal of the judgment."

In *State v. Lucas*, 33 Pac. 538, it was decided by the supreme court of Oregon, that a remark of the court, that it does not follow, because a woman is lewd, her veracity is affected thereby, is improper, as invading the province of the jury, who are the exclusive judges of the credibility of a witness.

In *McMinn v. Whelan*, 27 Cal. 319, a witness, on cross-examination, was interrogated in respect to her business and residence. Objection was made to this course of examination. The court overruled the objection, at the same time remarking that the witness was a woman of respectability. The appellant insisted that the remark of the judge was an irregularity of sufficient magnitude to authorize the reversal of the judgment of the court below. Mr. Justice Curry, in delivering the opinion of the court upon this question, said:

"From the high and authoritative position of a judge presiding at a trial before a jury, his influence with

them is of vast extent, and he has it in his power, by words or actions, or both, to materially prejudice the rights and interests of one or the other of the parties. By words or conduct he may on the one hand support the character or testimony of a witness, or on the other hand may destroy the same, in the estimation of the jury; and thus his personal and official influence is exerted to the unfair advantage of one of the parties, with the corresponding detriment to the cause of the other."

In *Garner v. State*, 9 So. Rep. 835, it was held, by the supreme court of Florida, that "remarks made by the judge, in the course of a trial, as to the credibility of witnesses, or the weight of relevant evidence, however inadvertently such remarks may be made, are the subject of exception and assignment as error by the party to whom they seem to be prejudicial, and are ground for reversing a judgment. The policy of our jurisprudence is that the jury shall decide all such questions, entirely liberated from the influence of the impressions of the judge as to them."

In *Roberson v. State*, 24 So. Rep. 474, the supreme court of Florida also held that remarks of the judge during the trial, as to the credibility of a witness, or as to the weight of any evidence relevant to the issue, are an improper assumption of or infringement upon the province of the jury, and when duly excepted to by the party injured, they may be assigned as error, and constitute grounds for reversal.

In *People v. Hare*, 24 N. W. Rep. 843, it was held, by the supreme court of Michigan, that comments by the judge in the hearing of the jury, on the evidence intro-

duced, or about to be introduced, and giving expression of his opinion of the same, and which may tend to influence their conclusions or the weight given to such evidence, is error.

In *People v. Hull*, 49 N. W. Rep. 288, it was held, by the supreme court of Michigan, that where the manner of examining a witness by the court was objected to by the defendant, and the court said, "I want all the facts in the case," and defendant claimed that the court's tone and manner were hostile to him, it was error for the court to remark, "If so, it is because the facts may be prejudicial to you if they come out;" especially where the court afterwards examines the witness at length.

It is next contended by the plaintiff in error that the court erred in refusing to grant a new trial for the reason that the counsel for the prosecution, in his closing argument, made a statement which was prejudicial to the rights of the accused. It appears from the record that the counsel for the prosecution, in his closing argument to the jury, commented upon the fact that the defendant did not take the witness stand in his own behalf. The language is as follows: "The defendant claims he committed the act of killing in self defense; if so, why did he not come on the witness stand and make that statement."

This remark of the counsel for the prosecution was a plain violation of section 5206 of our criminal code which provides as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offenses and misde-

—22

meanors before any court or committing magistrate in this Territory, the person charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him, nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

We think that this provision of our criminal code is mandatory, and leaves no discretion in the trial court to refuse to grant a new trial upon the application of the defendant.    Neither do we think that such highly prejudicial remarks by the prosecuting officer can be cured or remedied by the withdrawal of the statements from the consideration of the jury by the court and admonishing them that they must not consider the same. (*State v. Boyd*, 48 Pac. 998; *State v. Tennison*, 42 Kans. 332, 22 Pac. 429; *State v. Balch*, 31 Kans. 465, 2 Pac. 609.)

· In *State v. Balch*, Mr. Justice Valentine, in delivering the opinion of the court, said:

"Nor can the principle be tolerated that convictions for violated law may be procured or brought about by the inaguration and accomplishment of other violations of the law.  ·It is also true that in this case the court below instructed the jury that the statement made by the county attorney should not be allowed to work any prejudice to the rights or interests of the defendant. But, under the authorities, the evil done by such an infringement of the law—an infringement of the law by the prosecuting officer of the state—cannot be remedied or cured by any mere instruction of the court.  The only complete remedy, if the defendant is convicted, is to grant a new trial on his motion.  Of course, if he does not want a new trial, or does not make a motion therefor, he should be sentenced."

The judgment of the district court is therefore reversed and the cause remanded with direction to grant a new trial.

' All of the Justices concurring.