## W. H. BROWN v. STATE.

No. A-80. Opinion Filed February 1, 1910.

(106 Pac. 808.)

1. **APPEAL—Service of Notice—Appearance.** While the statute provides (section 6949, Snyder's St.) that an appeal is taken by the service of a notice upon the clerk of the court where the judgment is entered that the appellant appeals from the judgment, a similar notice to be served upon the prosecuting attorney, yet a general appearance entered by the Attorney General in a cause in this court is sufficient to give this court jurisdiction.

2.   **CONDUCT OF COUNSEL—Comment on Defendant's Failure to Testify.** Where the defendant upon his trial fails to testify in his own behalf, and the prosecuting attorney comments upon such failure to the jury, such comments constitute "reversible error."

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; J. H. Woods, Judge pro tem.*

W. H. Brown was convicted of violation of the prohibitory law, and brings ·eerror.   Reversed and remanded.

*T. G. Cutlip* and *McLain Taylor,* for plaintiff in error.
*Fred S. Caldwell,* Counsel to the Governor, for the State. No briefs reached the reporter.

DOYLE, JUDGE.   Plaintiff in error, W. H. Brown, was tried and convicted in the county court of Pottawatomie county of the crime of selling and furnishing intoxicating liquors.   On June 1, 1908, he was sentenced to be confined in the county jail for a period of 40 days and to pay a fine of $100 and costs, and stand committed to jail until said fine and costs are paid.   On January 26, 1909, there was filed in this court his petition in error with case-made attached.   On behalf of the state a motion was filed to dismiss said appeal, which motion is as follows:

"Special Appearance and Motion to Dismiss.   Comes now the State of Oklahoma by its attorney, Fred S. Caldwell, as counsel to the Governor, and appearing especially herein for the purposes of this motion only, represents to this honorable court as follows: More than one year has elapsed since the rendition of the judgment from which plaintiff in error undertakes to prosecute this appeal, and no notices of appeal were ever. served or filed as provided and required by Sec. 6949 of the 1909 Comp. Laws of Okla.   Wherefore, the State of Oklahoma says that this court is without jurisdiction to entertain said appeal and that the same should be dismissed at plaintiff in error's cost."

Upon an examination of the record we find that, on the day said appeal was filed in this court, there was also entered the appearance of the state by the Attorney General as follows:

"And now comes Chas. West, Attorney General of the State of · Oklahoma, for and on behalf of said state, and waives the

issuance and service of summons in error in the case above entitled and makes a general appearance for the state of Oklahoma in said cause.    Dated this 26th day of Jan., 1909."

It was held by this court in the case of *Bill Blunt v. State* (decided at this term and reported in this volume), 106 Pac. 806, that:

"While the mere waiver of the issuance and service of summons in error by the Attorney General is insufficient to give this court jurisdiction, there can be no question where he enters a general appearance as the authorized representative of the state in a case in this court, this court thereby obtains jurisdiction of the cause."

The motion to dismiss the appeal will be overruled.

There are numerous assignments of error in the petition. However, it is only necessary to consider the fourth; that is:

"Because the court erred in not setting aside the verdict of the jury and granting a new trial because the attorney for the state in presenting his case to the jury said that 'the defendant Brown has not taken the stand in his own behalf and denied the sale of the whisky as charged in the information,' and which said statement was made to the jury over the objection of the defendant at the time."

The record shows that in support of a motion for a new trial wherein misconduct of the prosecuting attorney was alleged, the following testimony was offered:.    McLain Taylor, being first duly sworn, testified as follows:

"Q. What is your name?  A. Taylor.  Q. What is your business?  A. Attorney at law.  Q. Are you engaged as attorney for the defendant in the case styled State of Oklahoma v. W. H. Brown?  A. I am.  Q. Were you present in the court and sat in the conduct of the defense?  A. I did.  Q. You are acquainted with C. P. Holt?  A. I am.  Q. The official position he holds is the deputy county attorney of Pottawatomie county, is it not?  A. Yes, sir.  Q. Was he the attorney or one of them that represented the state in the prosecution?  A. He was.  Q. Did he make the presentation argument in that case?  A. He did.  Q. Mr. Taylor, during that argument you may state whether or not Mr. Holt made any reference to the fact that the defendant W. H. Brown, did not take the stand as a witness in his own behalf, and, if so, you may state what was said?  A. Well, in the course of the

argument of the case for the state, Mr. Holt used this language. I took a memorandum of the language that he used in the argument, and his language was as follows: 'Brown didn't deny selling the whisky and did not go on the stand at all.' And after he had repeated it two or three times the attention of the court was called to the character of argument he was making by myself, and the court instructed him, as I remember it. Q. Now, what was it he stated that Brown didn't deny? A. Didn't deny selling whisky. Q. Are you positive? A. I am positive."

The statute expressly forbids a reference to the fact that the defendant failed to testify on his own behalf. Section 6833, Snyder's St. 1909, provides:

"In the trial of all indictments, informations, complaints and other proceedings charged with the commission of a crime, offenses and misdemeanors before any court or committing magistrate in this state, the person charged shall at his own request but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial, if commented upon by counsel it shall be ground for a new trial."

The record in this case shows that the defendant did not testify on his own behalf. This provision of Procedure Criminal is mandatory and leaves no discretion in the trial court to refuse to grant a new trial upon the application of the defendant. Such comment constitutes reversible error.

In *Wilson v. Territory,* 9 Okla. 331, 60 Pac. 112, it was held:

"Such misconduct by the counsel for the prosecution cannot be cured or remedied by the withdrawal of the prejudicial statements from the consideration of the jury or by the court, and admonishing them that they must not consider the same."

"This statute is plain and unambiguous, and, where its terms are violated, the court has no discretion, but must grant a new trial." (*Perkins v. Territory,* 17 Okla. 82, 87 Pac. 297.)

In *State v. Balch,* 31 Kan. 465, 2 Pac. 609, Mr. Justice Valentine, in delivering the opinion of the court, said:

"Nor can the principle be tolerated that convictions for violated law may be procured or brought about by the inauguration and accomplishment of other violations of the law. It is also true that in this case the court below instructed the jury that the statement made by the county attorney should not be allowed to work

any prejudice to the rights or interests of the defendant. But, under the authorities, the evil done by such an infringment of the law—an infringement of the law by the prosecuting officer of the state—cannot be remedied or cured by any mere instruction of the court. The only complete remedy, if the defendant is convicted, is to grant a new trial on his motion."

In *Angelo v. People*, 96 Ill. 209, 36 Am. Rep. 132, the court said:

"If the counsel for the people in a criminal trial comment on the omission of the defendant to testify in his own behalf, it is ground for a new trial, although the counsel was stopped by the court and the jury were instructed to disregard those comments."

In *State v. Snyder*, 119 Iowa, 15, 91 N. W. 762, the court said:

"When it appears that the prosecuting attorney has offended in the respect in question, the mischief is done, and the right to a new trial is not affected by a failure to enter objection at the time. He may take advantage of the misconduct by motion for new trial after verdict."

It is to be regretted that the prosecuting attorney referred in his argument to the fact that the accused had failed to testify. Such comments are prohibited, and, when indulged in, whether intentionally or inadvertently, a new trial must be granted.

For this reason the judgment of the county court is reversed, and the cause remanded, with direction to grant a new trial.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.