## L. A. NOWLIN v. STATE.

No. A-642.   Opinion Filed May 16, 1911.

(115 Pac. 625.)

Rehearing Opinion Filed March 5, 1912.

(121 Pac. 791.)

1.   APPEAL—Review—Verdict. The verdict of a jury will not be set aside for want of evidence to sustain it when there is any evidence in the record from which the jury could legitimately draw the conclusion of the defendant's guilt.

2.   APPEAL—Reservation of Grounds of Review—Argument of Attorneys. The argument of attorneys to the jury is a part of the trial, and improper statements made by an attorney in the argument of a cause in open court and in the presence of the trial judge to be reviewed by the appellate court must be shown by proper recital in the case-made or bill of exceptions, and cannot be shown by affidavits.

3.   APPEAL—Record—Scope of Certificate to Case-Made. The trial judge's certificate to the case-made attests the truthfulness and correctness of everything recited therein as having in fact taken place, but does not attest the truthfulness of affidavits filed in support of or in opposition to matters alleged in the motion for new trial.

4.   TRIAL—Arguments of Counsel—Failure of Defendant to Testify. The statute which provides that, where a defendant in a criminal

case fails to testify in his own behalf, such failure must not be mentioned on the trial, and, if commented upon by counsel, this shall be ground for a new trial, is mandatory, and must not be violated, directly or indirectly, either in its letter or spirit.

(Syllabus by the Court.)

*Appeal from District Court, Kiowa County;*
*J. S. Carpenter, Special Judge.*

L. A. Nowlin was convicted of violating the prohibitory law, and he appeals. On rehearing, reversed and remanded.

*E. M. Bradley,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. First. Appellant complains that the verdict in this case is not supported by the evidence. The state's witness T. A. Davis testified that he went to the back part of a barn in the town of Hobart; that he saw the defendant out on the sidewalk, and motioned to him to come; that the defendant came to where the witness was, and the witness said to him, "I want two pints of whisky. Here is a $20 bill"; that the defendant replied, "I will have to go to the house"; that the defendant then went into the house and came back on the west side of the barn, and entered the barn and went into the manger, and put something in there, and looked around at the witness, and handed the witness $18; that the witness then went into the manger, and got the two pints of whisky, which he said were placed there by the defendant. There was other evidence in the case, but this testimony alone, if believed by the jury, fully sustains the verdict. The credibility of the witnesses and the weight of the evidence is for the jury, and their verdict is decisive of these questions, unless it affirmatively appears from the record that they were influenced by improper considerations. We therefore cannot agree with the contention of appellant that the verdict was contrary to the evidence.

Second. Appellant contends that the jury were influenced by improper remarks made by the county attorney in the trial of

said cause. Upon examination of the record, we find that this matter was complained of in the defendant's motion for a new trial. And we also find two affidavits in the case-made which attempt to set forth at length the remarks referred to as having been made by the county attorney. But we fail to find incorporated in the record any statement made by the judge who tried this cause relating to such matter.

In the case of *Saunders v. State,* 4 Okla. Cr. 264, 111 Pac. 965, this court said:

"The statements of attorneys made in the argument of the case in open court in the presence and hearing of the judge cannot be shown to this court by affidavits either on the part of the state or the defendant. The argument of the cause to the jury is a part of the trial, and statements made therein, to be reviewed, must appear by a proper recital of fact in the case-made, so that the certificate of the trial judge will be a certificate to the correctness of the recital. The judge must settle the case-made, and thereby determine what was said, so that his certificate will attest the truthfulness and correctness of the recital in the case-made. But the trial judge's certificate does not attest the truthfulness and correctness of affidavits offered in support of or in opposition to matters alleged in the motion for a new trial. There is no recital in the case-made that this matter ever took place. The trial judge has never certified that it did take place, and there is therefore nothing before us on this question. Newly discovered evidence and prejudicial matters not occurring in the regular trial of the cause in open court may be shown to the trial judge, and on appeal to this court by affidavits as exhibits to the motion for a new trial; but there is no more reason or excuse for showing by affidavit what statement an attorney made to the jury in the argument than there is in showing in that manner the evidence introduced or excluded during the trial, or the rulings of the court thereon."

In the case of *Cochran v. State,* 4 Okla. Cr. 387, 111 Pac. 977, this court said:

"If it is permissible to incorporate such questions in the case-made by affidavits, where would the matter end? If one part of the case-made as to matters occurring in open court during the progress of the trial can be incorporated in the record by affidavits, why could not all such matters also be so incorporated in the record? What then would become of the statutory

provision that the case-made must be certified to by the trial judge?"

As to the proper manner of incorporating in the record questions which arise during a trial in open court, in the case of *Turner v. State,* 4 Lea, 209, the Supreme Court of Tennessee said:

"This being a matter occurring in open court, the proper mode to put it in the record would have been to request the judge to insert it over his own signature in the bill of exceptions."

As to any matter relied upon in the motion for a new trial which did not occur in open court during the progress of the trial, the motion for a new trial may be sustained either by affidavits or by oral testimony, but matters occurring in open court during the trial of the cause can only be incorporated in a case-made by order of the court, and must be certified to by the judge trying the cause. If one part of the case-made can be proven by affidavits, the certificate of the judge might be dispensed with altogether, and all parts of such case-made might be supported alone by affidavits. We therefore cannot consider the alleged improper remarks of the county attorney. We cannot consider a case-made or any part thereof unless it is duly certified to by the judge trying the case.

The certificate of the judge in this case only certifies that the motion of the appellant for a new trial as it appears in the record was filed in his court, and that the affidavits which the record contained were filed, but nowhere certifies to the accuracy of the statements contained in the motion for a new trial and in the affidavits filed. This court can act alone upon the certificate of the trial judge as to matters which occur in open court during the trial of the cause.

The other assignments of error relied upon relate to the instructions of the court, and have been passed upon adversely to the contentions of the defendant, and therefore need not be discussed here. We find no error in the record, and the judgment of the lower court is in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.

## On Motion for Rehearing.

Sustained, and judgment of the lower court reversed, and cause remanded for new trial.

FURMAN, P. J. This court does not profess to be infallible. We are always ready and anxious to correct any error which we may have made. We reaffirm the views expressed in the original opinion, except that we find that we overlooked an exception which is properly incorporated in the record, although it is not in that portion of the record where it should have been placed.

In considering the objection to alleged improper remarks made by the county attorney, we examined that portion of the record which follows the instructions of the court, because the instructions of the court necessarily precede the argument of counsel. We there found a number of affidavits as to the alleged improper remarks of the county attorney. For the reasons given in the original opinion, we held that these remarks so presented could not be considered; but in the motion for a rehearing our attention is called to the fact that in that portion of the record which immediately follows the testimony given in the trial of the case, and which precedes the instructions of the court, there is an exception, properly incorporated in the record, in which is presented objections made to the argument of the county attorney and the rulings of the court thereon, in which it is shown that the county attorney called attention to the fact that appellant did not testify on the trial. It was a controverted fact in the case as to whether or not appellant left the barn on the morning on which the whisky is alleged to have been sold. It is shown that the county attorney in his argument to the jury said that, if appellant had not left the barn as testified to by the state's witness, he (appellant) would have been the best witness as to that fact. Section 6833, Comp. Laws 1909, is as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offenses and misdemeanors before any court or committing magistrate in this state, the person charged shall at his own

request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit. See *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57; *Brown v. State,* 3 Okla. Cr. 445, 106 Pac. 808.

For these reasons, the motion for a rehearing is sustained, and the judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.