## DAVE WEINBERGER v. STATE.

No. A-1285.   Opinion Filed December 14, 1912.

(128 Pac. 160.)

**NEW TRIAL**—Argument of Counsel. Section 6833, Criminal Procedure (Comp. Laws 1909), provides that "the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him, nor be mentioned on the trial, if commented upon by counsel it shall be ground for a new trial." **Held**, that this provision is mandatory, and leaves no discretion in the trial court to refuse to grant a new trial upon the application of the defendant, where the prosecuting attorney in his argument violates the terms of the statute.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Dave Weinberger was convicted of violation of the prohibitory law, and appeals. Reversed and remanded.

*McGuire & Smith,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was at the April, 1911, term of the superior court of Logan county convicted of having in his possession intoxicating liquors with intent unlawfully to sell the same, and was sentenced to pay a fine of $50, and be imprisoned in the county jail for a term of 30 days. The information jointly charged Mary Weinberger, Dave Weinberger, and Marlie Carrol. When the case was called for trial, Mary

Weinberger demanded a severance, which was granted, and the case proceeded as to this defendant and Marlie Carrol. The jury by their verdict found Dave Weinberger guilty and Marlie Carrol not guilty.

But two assignments of error are argued in the brief. First. That the verdict is contrary to the evidence, and there is not sufficient evidence in said cause to sustain said verdict. Second. For the reason that the county attorney in his closing remarks to the jury improperly called the attention of the jury to the fact that the defendant did not testify in his own behalf, saying: "These liquors belonged to Dave Weinberger, that is conceded, and the defendants have made no explanation of it. The defendant don't say anything." Upon due objections being made to the remarks as prejudicial and improper, the county attorney then said: "Well, I'll take it back."

The evidence on the part of the state shows that on February 4, 1911, Bart Murphy, sheriff, and his deputy visited the home and place of business of the defendant Dave Weinberger; that they found a barrel of beer at the foot of the stairs leading to the second story, which was the home of the defendant and his family, and that they found a quantity of whisky, brandy, and wine upstairs; that the defendant conducted a furniture store on the first floor of the building; that none of the liquors were found in the furniture store; that a barrel of beer at the foot of the stairs had not been opened; that the whisky was not concealed in any way, but was in a closet of one of the living rooms upstairs. All the state proved in this case is that the Weinbergers had a stock of liquors in their family rooms in the second story of the building. There was no evidence offered of an intent to sell the same. One witness testified that in January he purchased a pint of whisky from the defendant Marlie Carrol; but that the defendant Dave Weinberger was not present. There was no evidence that this defendant knew anything about that transaction.

The mere possession of intoxicating liquor is not in itself sufficient to prove an unlawful intent to sell as charged by the information in this case. When we consider the weak and unsatis-

factory nature of the evidence, and that the county attorney called the attention of the jury to the fact that the defendant did not testify in his own behalf, it is our opinion that it was the duty of the court under the statute to grant a new trial. No denial of the remarks is made by the county attorney.

Section 6833 of our Criminal Procedure (Compiled Laws 1909), provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offenses and misdemeanors before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial, if commented upon by the counsel it shall be ground for a new trial."

Construing this statute in the case of *Sturgis v. State,* 2 Okla. Cr. 363, 102 Pac. 57, Furman, Presiding Judge, delivering the opinion of the court, said:

"The statute is mandatory, and, when it is violated either in its letter or its spirit, a new trial must be granted, or upon appeal a reversal will follow. The trial court, therefore, erred in not granting a new trial on account of the fact that the county attorney in his argument called the attention of the jury to the fact that the defendant had failed to testify in his own behalf."

In the case of *Brown v. State,* 3 Okla. Cr. 442, 106 Pac. 808, it was held that:

"Where a defendant upon his trial fails to testify in his own behalf, and the prosecuting attorney comments upon such failure to the jury, such comments constitute reversible error."

In the case of *Nowlin v. State,* 7 Okla. Cr. 27, 115 Pac. 625, it is said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

The statute is in accordance with the constitutional guaranty that "no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided." The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their con-

sideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted.

For the reasons heretofore stated, the judgment is reversed, and case remanded for new trial.

FURMAN, P. J., and ARMSTRONG, J., concur.