## MORRIS BROWN v. STATE.

No. A-2967.    Opinion Filed June 9, 1919.

(181 Pac. 318.)

TRIAL—Argument—Comment on Defendant's Failure to Testify. Code Cr. Proc. sec. 5881. Rev. Laws 1910, prohibits any comment by a prosecuting attorney in a criminal case on the failure of the defendant to testify, and such comment constitutes reversible error, even though it be made in disclaiming any intention of referring to the failure of the defendant to testify in his own behalf.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Morris Brown was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed, and remanded for a new trial.

*P. A. Gavin, McAdams & Haskell,* and *J. Fentress Wilson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Morris Brown, was by information filed in the county court of Muskogee

county charged with having unlawful possession of 21 quarts of whisky with intent to sell the same. The case was transferred to the superior court of said county, where upon trial he was convicted and sentenced to four months' imprisonment in the county jail and to pay a fine of $250. To reverse the judgment rendered, he prosecutes this appeal.

The defendant objected to the jurisdiction of the court to proceed with the trial of the case upon the ground that the case had not been transferred from said county court to the superior court in the manner provided by law. The objection was overruled and exception allowed.

The evidence shows or tends to show that on the 4th day of June 1916, the defendant purchased a drug store in the city of Muskogee known as the Indiana drug store; that said drug store had the reputation of being a place where intoxicating liquors were kept and sold; that on the 10th day of June, 1916, said drug store was searched by officers in the execution of a search warrant, and 21 quart bottles of whisky found therein; that the defendant was not in the store at the time said whisky was found, the store being in charge of a clerk who, two hours previous to the search, had been employed by the defendant. There was no evidence of any sale of intoxicating liquor having been made by the defendant.

Upon the conclusion of the evidence the defendant moved the court to direct the jury to return a verdict of acquittal. The motion was denied and exception allowed.

In the view we have taken of the disposition necessary to be made of this case it is neither important nor necessary to consider more than one of the various questions presented in the record and brief. It is insisted that the

court erred in refusing to grant a new trial because the county attorney in his argument to the jury commented on the failure of the defendant to testify as a witness in his own behalf.

It appears from the record that in the course of his address to the jury the county attorney made some statements which counsel for the defendant objected to as improper. The record is as follows:

"Counsel for the defendant interrupted the county attorney and objected to his remarks as follows: Since the defendant has offered no evidence, there is no conflict in the testimony, and the defendant excepts to the argument of counsel for the state.

"County Attorney: I desire now to withdraw the statement.

"Counsel for Defendant: I now move the court to discharge the jury and order a new trial.

"County Attorney: I did not say that the jury ought to consider the fact that the defendant did not take the stand.

"Whereupon the court overruled the motion to discharge the jury and order a new trial and allowed exceptions."

Our Code of Criminal Procedure (section 5881, Rev. Laws 1910) provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crime, offenses or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

This statutory provision is mandatory, and when the defendant does not elect to testify as a witness in his own behalf, and the prosecuting attorney in his argument to the jury comments on the failure of the defendant to testify as a witness, such comments constitute reversible error. *Wilson v. Territory,* 9 Okla. 331, 60 Pac. 112; *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57; *Brown v. State,* 3 Okla. Cr. 442, 106 Pac. 808; *Nowlin v. State,* 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791.

In the case of *Weinberger v. State,* 8 Okla. Cr. 441, 128 Pac. 160, it is said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted."

We are inclined to think that the proper procedure for the county attorney, if he desired to discuss the effect of his remarks, would have been to ask the court to have the jury retire before discussing the objections made to the same. As it appears from the record, the effect of his remarks in disclaiming any intention of referring to the failure of the defendant to testify was to call to the attention of the jury the fact that the defendant did not elect to testify as a witness in his own behalf. For this reason, the judgment must be reversed, and the cause remanded for a new trial.

ARMSTRONG and MATSON, JJ., concur.