## JOHN RE v. STATE.

No. A-8724. July 12, 1934.
(34 Pac. [2d] 1084.)

122

J. L. Gowdy and Joe Adwon, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information jointly charged with Mrs. John Re and W. F. Gorman of the crime of operating a public nuisance, was convicted, and sentenced to pay a fine of $150 and to be confined in the county jail for a period of 90 days.

The testimony on behalf of the state is in substance as follows:  The officers, armed with a search warrant, went to a certain building to search the northeast room on the second floor of said building, located at 121 South Harvey, Oklahoma City, Oklahoma county, Okla., and searched the room occupied by the defendant.  The defendant and his wife were found in the room.  The officers state that in other parts of the hotel, and other rooms in the building, they found a quantity of whisky and beer.

The proof shows conclusively that the building in which the defendant had a room rented, and being the room the officers had the search warrant for, is known as the Albany Hotel, run by Mr. Gorman. The proof also shows that no whisky, beer, or any intoxicant of any kind was found in his room, nor were there any drunks in or around the room, or disorderly conduct shown by the state witnesses. The proof further shows that the defendant had nothing to do with the managing or occupancy of any of the rooms except the room occupied by himself and his wife. The testimony as to what the officers found in the hotel rooms other than the room occupied by the defendant was inadmissible.

The court, over the objection of the defendant, permitted one of the state witnesses to detail a conversation he heard over the phone while he was in the defendant's room; that is, the witness claimed that some one called over the phone and wanted to make an order for some whisky. This is in substance the testimony offered. The defendant did not offer any testimony.

Several errors have been assigned by the defendant as grounds for reversal of this case. All the errors alleged to have been committed by the court are embraced in the first assignment, which is as follows:

"Said court erred in overruling motion of plaintiff in error for a new trial."

Embraced in this assignment is the question as to whether or not there is sufficient testimony in the record to sustain a conviction of maintaining a publc nuisance by the defendant, or whether or not the court erred in admitting, over the objection of the defendant, certain statements of one of the state witnesses as to a telephone conversation while in defendant's room. This is not a

124

new question. In Cumpton v. City of Muskogee, 23 Okla. Cr. 412, 225 Pac. 562, 565, this court said:

"Finally, it is urged that the court erred in admitting in evidence a telephone conversation had in the presence of the defendant, which came about in this wise: A few minutes after the arrest of the defendant the landlady announced to the officers that the defendant was wanted at the telephone. The officer said to her that he would answer the telephone for him. Thereupon he went to the phone and announced to the party who was calling that he was Pete Cumpton and asked what was wanted. The reply was 'Bring it down right away, I am dry as h—.' The officer then turned to the defendant and said to him, 'One of your customers wants you to bring him down a couple of pints.'

"We have come to the conclusion that this telephone conversation was both incompetent and prejudicial. It was not a spontaneous declaration of a participant or bystander, or an integral part of the crime charged, so as to be a part of the res gestae. It was not even explanatory of the constituent conditions and circumstances of the crime, except by an uncertain inference from an unknown source. Neither was it an accusation or declaration that the accused, under the circumstances, was bound to answer or explain. The accused cannot be compelled to testify against himself, directly or indirectly. Even if the source of the telephone conversation was known, the defendant could have remained silent, and his silence, under the circumstances, should not be disclosed to the jury to his prejudice. The jury may have believed, and probably did believe, that the statement of the officer that 'one of your customers wants a couple of pints' was competent proof that the person telephoning was a customer of the accused. This fact, if it was a fact, cannot be established in this manner, by the declaration of a third person."

Said conversation as detailed by the witness in this case as having been received over the phone is inadmissible.

It is further urged there is not sufficient competent testimony to sustain a conviction. With this contention we fully agree. Excluding the conversation alleged to have been held by one of the state witnesses over the telephone, and the incompetent testimony as to what was found by the officers in the other rooms in the hotel, which was clearly inadmissible, there is no competent testimony to show the guilt of the defendant.

There being no competent evidence to sustain the judgment, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.