## W. C. SHEPHERD v. STATE.

No. A-10163.    July 7, 1943.

(139 P. 2d 605.)

132

Tellegen & Miskovsky, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, W. C. Shepherd, was charged in the district court of Beckham county with the crime of robbery with firearms, was tried, convicted and sentenced to serve five years in the State Penitentiary, and has appealed.

There is but one point involved in this appeal. In the closing argument of the county attorney, the record discloses that he made the following statement:

"Now, where do they get this frame-up? Where did they get Bill Shepherd, if this was a frame-up? Where do they get the frame-up,— if this was a frame up Bill Shepherd would have said so."

When this statement was made by the county attorney counsel for the defendant objected and excepted to the remarks and moved for a mistrial for the reason that the county attorney, in making said statement, was commenting upon the fact that the defendant did not testify. The motion for mistrial was overruled and exception saved by the defendant.

Section 3068, O.S. 1931, 22 O.S. 1941 § 701, reads: "In the trial of all indictments, informations, com-

plaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

In contruing this statute we have repeatedly held that it is reversible error for a prosecutor to refer either directly or indirectly to the fact that defendant did not testify. Brown v. State, 3 Okla. Cr. 442, 106 P. 808; Schrader v. State, 40 Okla. Cr. 261, 268 P. 325; Wells v. State, 29 Okla. Cr. 11, 231 P. 1087; Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160; Shelton v. State, 49 Okla. Cr. 430, 295 P. 240; Thoreson v. State, 69 Okla. Cr. 128, 100 P. 2d 896; Zedda v. State, 30 Okla. Cr. 348, 235 P. 939; Rice v. State, 66 Okla. Cr. 434, 92 P. 2d 857.

In the case of Brown v. State, 16 Okla. Cr. 155, 181 P. 318, 319, it is stated:

"This statutory provision is mandatory, and when the defendant does not elect to testify as a witness in his own behalf, and the prosecuting attorney in his argument to the jury comments on the failure of the defendant to testify as a witness, such comments constitute reversible error. Wilson v. Territory, 9 Okla. 331, 60 P. 112; Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57; Brown v. State, 3 Okla. Cr. 442, 106 P. 808; Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791.

"In the case of Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160, it is said:

" 'The statute is in accordance with the constitutional guaranty that "no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided." The clear intent

of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted.' "

In Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, 792, it is said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

There is no other construction which can be placed on the statement of the county attorney, in view of the record, than that such statement was a direct comment on the fact that the defendant did not choose to become a witness. It is regrettable that the prosecutor became so overzealous in presenting the state's cause that he overstepped legal bounds and made this statement, thereby making it our mandatory duty under the statute and decisions above quoted to reverse this case for a new trial.

For the reasons hereinabove stated, the judgment of the district court of Beckham county is reversed and remanded for a new trial.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.