## JAKE BOCK v. STATE.

No. A-10363. Feb. 21, 1945.

(156 P. 2d 381.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. Jake Bock was convicted in the county court of Kiowa county of the offense of illegal possession of intoxicating liquor and was sentenced to serve 30 days in the county jail and pay a fine of $200, and has appealed.

In the closing argument of the county attorney to the jury, he made this statement, "Why didn't the defendant deny the evidence here?" When this statement was made, counsel for the defendant presented the following motion: "Comes now the defendant and moves the court to declare a mistrial of this case because of the prejudicial remarks made in the presence and hearing of the jury in his closing argument to the jury in referring to the defendant when he stated: "Why didn't the defendant deny the evidence produced here?', or words to that effect."

The court overruled the motion and defendant excepted.

22 O. S. 1941 § 701, provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial. R. L. 1910, § 5881."

Where this statute is violated by the prosecutor commenting on the failure of the defendant to testify, it is held that it is the mandatory duty of the trial court to order a new trial. Dorsett v. State, 16 Okla. Cr. 65, 180 P. 557; Schrader v. State, 40 Okla. Cr. 261, 268 P. 325; Cokely v. State, 28 Okla. Cr. 431, 231 P. 330; Rice v. State, 66 Okla. Cr. 434, 92 P. 2d 857; Shepherd v. State, 77 Okla. Cr. 131, 139 P. 2d 605.

In the case of Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160, 161, it is said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted."

In Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, 792, it is said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

There is no other construction which can be placed on the statement of the county attorney, in view of record, than that such statement was a direct comment on the fact that the defendant did not choose to become a witness. It is regrettable that the prosecutor became so overzealous in presenting the state's cause that he overstepped legal bounds and made this statement, thereby making it our mandatory duty under the statute and decisions above quoted to reverse this case for a new trial.

There is one other assignment of error which should be discussed so that it may be corrected at the retrial of this case. Nine pints of whisky were found in a room at defendant's residence. The defendant did not testify, but

his wife testified in his behalf that the defendant had the whisky for his own personal use and did not have it for the purpose of sale in violation of the law. In Oklahoma, the possession of intoxicating liquor for his own personal use is not unlawful regardless of the quantity a person has in his possession. Where a person has in excess of one quart in his possession, under the statute such possession is prima facie evidence of an intent to sell, 37 O. S. 1941 § 82, but this is not conclusive, and where the defendant contends that he had the intoxicating liquor for his own personal use, such contention raises an issue for the determination of the jury under proper instructions. If they should determine that the defendant had it for his own personal use, it is their duty to return a verdict of not guilty. If they should determine that he had it for the purpose of sale, conveyance, or other unlawful purpose, their verdict should be that of guilt.

In the instant case, the defendant requested the following instruction:

"The jury are instructed that the defendant admits having possession of the liquor in controversy in this action, but contends, and has offered evidence tending to show, that his possession of such liquor was intended for his own personal use and without any intention of violating any of the provisions of the prohibitory liquor laws of the State of Oklahoma; and, in this connection, you are instructed that possession of any amount of intoxicating liquor, intended for his own personal use, is not a violation of the law, and unless you believe from the evidence, beyond a reasonable doubt, that defendant's possession of the liquor shown from the evidence to have been possessed by defendant was for an unlawful purpose, as elsewhere in these instructions defined, then it is your duty to return a verdict of not guilty."

The refusal to give this instruction or one substantially presenting the theory of the defense was error. We do

not say that this instruction is a model, but it is sufficient to call the court's attention to the fact that the defendant was entitled to an instruction on his theory of the case, and the wording of this instruction is not so subject to criticism that it would have been improper to have given it. The requested instruction substantially states the law in Oklahoma.

For the reasons herein above stated, the judgment of the county court of Kiowa county is reversed and remanded with instructions to grant the defendant a new trial.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.