## MARTIN EDWARDS v. STATE.

No. A-10760.   Oct. 22, 1947.

(186 P. 2d 333.)

John L. Ward, Jr., and Elmore A. Page, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Elmer W. Adams, City Pros., of Tulsa, for defendant in error.

BAREFOOT, P. J.  Defendant, Martin Edwards, was charged in the municipal criminal court of the city of Tulsa with the violation of the prohibition laws of the state by soliciting the sale of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $250, and

to serve a term of 90 days in the county jail of Tulsa county, and has appealed.

A motion to dismiss the appeal has been filed in this case by the Attorney General, in which one of the questions raised is that the transcript does not show a judgment and sentence. The defendant filed a response to this motion, in which he states that no formal judgment was ever rendered or entered in the case; that the time of passing judgment and sentence on the verdict returned has expired, and raises the question that no formal judgment having been entered, this court is without jurisdiction to hear this appeal.

This proposition was evidently not thought of by counsel for defendant until he read the motion to dismiss the appeal filed in this case by the Attorney General. No reference to this question is made in the motion for new trial, or in the petition in error. Defendant there refers to the "judgment and sentence" rendered against the defendant, and appeals therefrom. This contention of defendant is just as technical as the contention of the state in its motion to dismiss the appeal. From the statements of counsel and the record in this case, it is evident that the records of the municipal criminal court of the city of Tulsa are not kept with the accuracy that should prevail in courts of record.

We are of the opinion that this case should not be decided on the technicalities presented either by the state or the defendant, but upon the merits of the case. A brief has been filed on the merits by the defendant, but the state has announced that it does not desire to file a brief.

The defendant was charged in the municipal criminal court of the city of Tulsa with the offense of advertising or soliciting the sale of intoxicating liquor. A

demurrer was filed to the information on the ground that the same was too indefinite and uncertain to permit defendant to properly plead to the same, and that more than one offense was charged in the same count. An examination of the information reveals that the information is probably subject to this contention. But, as stated above, we think it is proper to consider this case on its merits.

The basis for the charge was a printed card, which was introduced in evidence, and is as follows:

"Call

The Original

Eddie

When you're ready

From 9 A.M. to 12 P.M.

7916          7060"

A captain in the vice department of the Tulsa police testified for the state. He was permitted to testify that he had known the defendant "Martin Edwards" for four years. That he knew his occupation and business, and that "He is in the liquor business." This evidence was permitted to go to the jury over the objection and exception of the defendant. It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state unless he puts his character in issue by introducing evidence of good character. Under this rule, this evidence was clearly error, as has often been held by this court. Wilkerson v. State, 9 Okla. Cr. 662, 132 P. 1120; Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619; Pressley v. State, 71 Okla. Cr. 436, 112 P. 2d 809. See, also, United States v. O'Connell, D. C. 43 F. 2d 1005.

The captain then identified the card above copied, and when asked what it was, said: "A. That is a card

advertising the sale of whisky." The defendant excepted to this statement. The witness testified that the chief of police had received the card through the mail from some anonymous person whom he did not know. He immediately called over the telephone one of the numbers on the card, and the defendant answered the call, and: "I told him I was filing a charge against him and asked him to come to headquarters, and he came down." Defendant made bond and was released.

The state also offered as a witness a member of the raiding squad of the Tulsa police, and he testified that he called one of the numbers on the above card, and that someone answered. He testified, in part:

"Q. Did you know who it was that you talked to? A. I do not."

He stated that he odered two pints of whisky, and the same was delivered to him by:

"Some boy by the name of Bobby, I do not remember his name. Q. Do you know where Bobby is now? A. No, sir. Q. Have you tried to locate him? A. No."

This witness was then permitted, over the objection of defendant, to testify to a conversation between the witness and "Bobby," not in the presence of the defendant, in which certain statements were made by "Bobby" involving the defendant as being the owner of the whisky, and certain cards. Defendant objected to the introduction of this evidence as being hearsay. It is unnecessary to state that it was rank hearsay, and was inadmissible as held by many decisions of this court. McRae v. State, 8 Okla. Cr. 483, 129 P. 71; McKinney v. State, 19 Okla. Cr. 94, 198 P. 108; Cumpton v. City of Muskogee, 23 Okla. Cr. 412, 413, 225 P. 562; Bohannan v. State, 24 Okla. Cr. 103, 215 P. 1078; Re v. State, 56 Okla. Cr. 121,

34 P. 2d 1084; Mendenhall v. State, 82 Okla. Cr. 220, 168 P. 2d 138; Fenimore v. State, 82 Okla. Cr. 288, 169 P. 2d 214.

Bill Dickson testified for the state. He was the owner of the Bank Note Printing Company. He had been acquainted with defendant for three years when he worked for the Hurry-up Messenger. He had at some prior time printed cards for Eddie. He had consulted the county attorney of Tulsa county before printing them, and the county attorney had told him it would be all right. He was presented with the card offered in evidence and testified that it had been printed at his shop. He testified:

"A. I did not know when I printed the cards it would be Martin Edwards. * * * Q. Well, do you know, who did you print them for? A. It was called for by a lady, she called up. Q. Who was the lady? A. I never knew her and do not know her now. * * * Q. Who took the order for these cards? (Objection made, overruled and exception allowed.) A. I don't know. My son was the outside man and my wife were in there. * * * Q. Did you ever discuss with him this card, this card here? A. No, sir. Q. Do you remember ever seeing this card in there? A. Never did."

With this testimony the state rested, and a demurrer to the evidence was offered and overruled, and exception saved. This evidence was insufficient to connect the defendant with the commission of any crime, if committed. We are of the opinion that the demurrer to the evidence should have been sustained.

There is one more error presented which deserves attention. The record reveals that the city attorney, in his argument to the jury, stated: "Now I want to state this, that this defendant has elected not to get on the stand."

Counsel for defendant objected to this statement and demanded a mistrial by reason thereof. The court said:

"Gentlemen of the jury, you are to pay no attention to any remarks that have been made relative to the defendant's failure to take the witness stand. I am not going to declare a mistrial." The court, in justification of this ruling, stated: "I am not going to declare a mistrial for the reason I think we have an exceptional jury here, and that the jury will not be swayed or pay any attention to the remarks, and I will ask that you gentlemen adhere to the evidence, and Mr. Marks, I will ask that you do not refer to that matter further."

Tit. 22 O. S. 1941 § 701 provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense of misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

This statute has been construed by the Criminal Court of Appeals many times. We have consistently held that where the attorney for the state directly refers to the fact that a defendant has failed to take the witness stand, such reference constitutes reversible error. There was a direct reference to this fact in the instant case. In the early case of Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, 792, this court said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

132

And in the late case of Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381:

"Where accused elected not to testify and county attorney in closing argument commented on such failure to testifiy, it was the mandatory duty of trial court, when matter was properly called to its attention, to declare a mistrial and refusal to do so was reversible error."

See, also, Brown v. State, 3 Okla. Cr. 442, 106 P. 808; Holmes v. State, 13 Okla. Cr. 113, 162 P. 446; Schrader v. State, 40 Okla. Cr. 261, 268 P. 325; Shelton v. State, 49 Okla. Cr. 430, 295 P. 240; Rice v. State, 66 Okla. Cr. 434, 92 P. 2d 857; Thoreson v. State, 69 Okla. Cr. 128, 100 P. 2d 896; Shepherd v. State, 77 Okla. Cr. 131, 139 P. 2d 605.

For the reasons above stated, the judgment of the municipal criminal court of the city of Tulsa is reversed, and the case remanded.

JONES and BRETT, JJ., concur.