**George Lester MORRIS, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16898.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Curtis A. Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, George Lester Morris, Jr., hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–761, of possession of marihuana after former conviction of a felony, and sentenced to a term of imprisonment of ten to fifteen years. Judgment and sentence was imposed on July 1, 1971, and this appeal perfected therefrom.

The evidence established that on April 26, 1971, at approximately 6:30 A.M., a Tulsa police officer, Dan Marshall, was summoned to the Hillcrest Hospital in Tulsa, where he arrested the defendant and his wife for carrying a firearm. Defendant was taken to the Tulsa Police Station where, in the process of a routine search, a match box containing marihuana seeds was found in his pant's pocket.

The jury found the defendant guilty of possession of marihuana, and then was advised in the second stage of the proceeding that the defendant had been previously convicted of robbery on September 19, 1967, and sentenced to five years imprisonment. Whereupon, the jury returned a verdict finding the defendant guilty of pos-

session of marihuana after former conviction of a felony, and assessing punishment at the term of ten to fifteen years.

On appeal defendant contends the prosecuting attorney commented on defendant's failure to testify, and that the punishment was excessive.

During the closing argument prosecuting attorney, with reference to the defendant, remarked: "This man did not take the stand, therefore I am going to assume he didn't have anything to tell you." At another point in his argument, prosecuting attorney stated:

"I am upset and I get upset and I stay upset when juries are instructed by the law and under the law to consider two things in all of this evidence. If the defense attorney will stand before you and ask you to consider something that did not happen in this case. It didn't happen, George Lester Morris did not take the witness stand, but the defense attorney will ask that you consider that as a part of the evidence? That is not our picture, don't feel sorry for this man, don't set there and look at him and feel sorry for him, but look at him like you should. This is no boy we are dealing with. You have to look right at him and observe and base your decision on what you see about him, but if he is going to testify, let's get him on the witness stand and not have his lawyer stand up and make statements to you, that upsets me, I don't like it."

Both the Oklahoma and United States Constitution provide that no person shall be compelled to give evidence which will tend to incriminate him. The United States Supreme Court has held that in a state criminal trial the constitution "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965).

In Oklahoma, by statute, a defendant in a criminal trial can not be required to testify, and his failure to testify "shall not create any presumption against him nor be mentioned on the trial". 22 O.S.1971, § 701. This Court has consistently held that the "clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct . . . ." Weinberger v. State, 8 Okl.Cr. 441, 443–444, 128 P. 160, 161 (1912).

In the instant case, the prosecuting attorney did not just mention that the evidence was uncontradicted, nor did he merely mention that the defendant did not testify. Rather, the prosecutor belabored defendant's failure to testify and argued to the jury "let's get him on the witness stand." The prosecutor's comment was extensive and we do not find this prejudicial comment was invited by defense counsel, nor do we find that the defendant waived his constitutional and statutory rights against comment on his failure to testify.

However, in the instant case, the evidence of guilt is conclusive. Defendant's possession was proven and unrefuted. Based on the evidence, guilt was the only reasonable conclusion. Accordingly, we find that in view of the prosecutor's extensive and prejudicial comment, that the sentence should be Modified to a term of five years imprisonment, to be effective from the date of commitment. As so modified, the judgment and sentence is hereby Affirmed.

BUSSEY, P. J., concurs.