## MARY ZEDDA v. STATE.

No. A-4921. Opinion Filed May 16, 1925.
(235 Pac. 939.)

(Syllabus.)

1. **Trial—Argument by State's Counsel Held to Constitute Misconduct.** Counsel for the state, in argument to the jury, must confine himself to the evidence in the case, and should not go beyond the limits of legitimate argument and comment thereon.

2. **Same—Comment on Failure of Accused to Testify in Own Behalf Reversible Error.** Where a defendant is on trial charged with the commission of a crime, and fails to testify in her own behalf, and the prosecuting attorney comments upon such failure in his argument to the jury, such comments constitute reversible error.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Mary Zedda was convicted of selling intoxicating liquor, and she appeals. Reversed.

Wilkinson & Hudson, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Pittsburg county, July 11, 1923, Mary Zedda did "unlawfully sell certain intoxicating liquor, to wit, about one quart of Choctaw beer to one Lawson." On the trial the jury returned a verdict of guilty, fixing her punishment at confinement in jail for 30 days and a fine of $200. She has appealed from the judgment rendered upon the verdict.

The state introduced three witnesses. Thad Wilkes, deputy sheriff, testified that, with Deputy Sheriff Bomar, he was driving to Hartshorne, and, passing defendant's house in Krebs, saw the witness Lawson coming from the house and going toward his car with a bundle in his hand; that he jumped from his car and ran up behind Lawson and

reached over and took the bundle from him; that they all went into the house and the defendant said she sold it to him; that she did not want him to get into trouble about what she did, and Lawson said he bought it from her. Witness further testified that the package contained Choctaw beer. He was then asked: "Was it intoxicating?" Over the defendant's objection of incompetency, and calling for a conclusion, witness answered, "Yes, sir."

W. M. Lawson testified that he was the owner of the O. K. Transfer Company, at McAlester; that he moved the defendant's brother from Krebs to Coalgate and on his return stopped at her house; that the defendant gave him either a quart or half gallon of Choctaw beer, and he started home with it, and just as he reached his car the officers took it from him and brought him back to the house; that he did not hear her tell the officers that she sold the Choctaw beer to him; that he did not buy it, she just gave it to him.

J. S. Bomar, deputy sheriff, testified:

"We saw Lawson going from the house to his car across the street. He had something wrapped up in paper under his arm. Wilkes stopped the car and we ran after him. Wilkes seized the package and asked him where he got it. He said, 'Over there at that house.' Wilkes said, 'Lets go on over there,' and we all three went into the house and met this lady. Wilkes asked her, 'Did you sell this man this beer?' She said, 'Yes ; he got it from me,' and she said to Lawson, 'I sold it to you and I don't want to get anybody in trouble for anything I do. Tell him where you got it.' And Lawson said, 'I bought it from her.' "

At the close of the evidence for the state the defendant moved for an instructed verdict of acquittal, which was overruled. The defendant did not testify.

The errors assigned are in substance that the evidence is insufficient to support the verdict; that the court erred

in its rulings in the admission of evidence, and misconduct in the argument of counsel.

(2) The record discloses that counsel for the defendant waived argument and requested that the arguments be taken by the court reporter.  In the opening argument to the jury the assistant county attorney said:

"Mr. Lawson didn't voluntarily sign this information in this case; he didn't voluntarily come into this court on the witness stand.  He said, 'Yes; I got it from her. I got this Choc from her,' but that is as far as he will go. He put up some kind of a tale about a gift, but, gentlemen of the jury, the state will gladly rest its case, not alone upon that, but principally upon these two deputy sheriffs who are sworn to enforce the law whether they wish to or not; they are bound to do so.  Mr. Bomar's testimony is the same as Mr. Wilkes, perhaps a little more complete in some things.  He said to this man, 'Where did you get this?'  The man at first said, 'I don't know.'  He finally said, 'Did you get this over there?'  and the man said, 'Yes.'  Then they went to the house, the three of them, and the question was asked of the defendant, 'Did you sell this man this beer?'  and she said 'Yes.'  She said 'Yes,' gentlemen of the jury, a full and complete confession to these officers, and she said to this man Lawson, 'Go and tell the truth; I don't want to get any man in trouble for what I do.'  Gentlemen of the jury, it is not so much a question of the guilt or innocence of this party; that has been confessed by her own mouth.  It was confessed by her in the presence of these two officers whom you can't doubt and whom I can't doubt; two men sworn to enforce the law and tell the truth on the stand; men who have no interest whatever in the matter, except to tell the truth and to enforce the law, but, gentlemen of the jury, in the fixing of the punishment in this case in view of the circumstances which have been brought out by the state, we ask for the maximum penalty, in view of the fact that the defendant has not denied by one single witness one act or one word, anything said or—"

Counsel for defendant interrupted, saying:

"We object for the reason that he is now arguing that the defendant did not go on the stand."

The Court. "He did not say that. Overruled."

It is insisted that the language used was in violation of the provision of the Code of Criminal Procedure which prohibits comment upon the failure of a defendant to testify in his behalf.

Section 2698, C. S. 1921, provides:

"The person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

The statute is plain and unambiguous, and, where its terms are violated, the court has no discretion, but must grant a new trial. Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57; Brown v. State, 3 Okla. Cr. 445, 106 P. 808.

In Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, it is said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

In Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160, it is said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.'" Const. art. 2, §21.

"The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant

did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial."

In our opinion the language used was clearly a comment upon the fact that the defendant did not take the stand to deny or explain her admissions or confession as testified to by the witnesses for the state. The only persons present at the time in question were the witnesses for the state and the defendant, and she was the only person who could deny the statements testified to by the witnesses for the state.

It is immaterial what words are used if they are clearly calculated to direct the attention of the jury to the fact that the defendant has not testified in her own behalf, and that by such failure some inference might be indulged against her. It follows that the argument made was a plain violation of the statute quoted.

In the closing argument to the jury the county attorney said:

"She is a woman, but she is not entitled to any more protection than we are. Every criminal is not a man. I say to you men she is guilty—guilty as can be. She has violated the laws of Oklahoma, trampled them under foot, and now tells you—comes into the temple of justice here and asks you to turn her loose, you, six good and lawful men, I say you will not turn her loose. You will not do it. I don't believe that you will send her back to Krebs to continue that hell hole there, but that you will say to her, 'Though you be a woman, though you be a foreigner, you must pay the price.' "

Counsel for defendant objected, saying:

"That is not proper argument—'hell hole.' She is not charged with maintaining a disorderly house or a 'hell hole' but merely with the sale of one quart of Choctaw beer. I ask that the jury be instructed to disregard that.

"The Court: Overruled. Exception."

The right of argument on the testimony is one which exists in the trial of cases in our courts in order that each side represented may, as fully and fairly as possible, present the facts so that the truth may be ascertained. In doing this, the largest and most liberal freedom of speech is allowed. However, there are, and must be, limitations to this freedom of speech, and no counsel should ever forget his duty to the court in the administration of justice, but should conduct his case with dignity and courtesy. When he occupies the position of prosecuting attorney, his relation to the administration of justice is more pronounced. Justice to the state and the defendant should be his sole aim, and, in the prosecution of his case, he should refrain from mere personal abuse. That the statement of the county attorney went beyond the limits of legitimate argument or comment is not open to question. His statement, "I say to you men she is guilty—guilty as can be," was not a comment on the evidence, but it was the independent testimony of the county attorney, and his concluding statement was an unwarranted personal attack upon the character of the defendant.

Other statements of counsel were gratuitous and not based upon the evidence. The authorities are uniform in holding any statement improper that is calculated to inflame the minds of the jurors, arouse their prejudice, or appeal to their passions. We can find no foundation or warrant in the record for the statement of the county attorney, and we are convinced that the statement which we have quoted must have aroused prejudice and passion against the defendant outside of and independent of the evidence in the case.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence.

Upon the record in this case, we are convinced that the defendant did not have that fair and impartial trial to which she was entitled under the law.

The judgment of the lower court is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.