## JAMES RADER v. STATE.

No. A-2494.   Opinion Filed May 15, 1913.

(157 Pac. 270.)

NEW TRIAL—Grounds—Comment of Counsel. Proc. Crim. sec. 5881, Rev. Laws, prohibits any comment by a prosecuting attorney in a criminal case on the failure of the accused to testify. The statute is in accordance with the constitutional guarantee against self-incrimination and leaves no discretion in the trial court to refuse to grant a new trial upon the application of the defendant, where the prosecuting attorney violates the prohibition of the statute.

*Appeal from County Court, Pottawatomie County;
Hal Johnson, Judge.*

James Rader, convicted of a violation of the prohibitory law, appeals.   Reversed.

*Park Wyatt,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is prosecuted from a conviction had in the County Court of Pottawatomie county, in which the plaintiff in error, James Rader, was found guilty of unlawfully conveying two gallons of whisky from the depot of the Santa Fe Railway Company in the city of Tecumseh to a point about one-half mile from said depot.   April 28, 1915, the court rendered judgment in pursuance of the verdict and he was sentenced to be confined for thirty days in the county jail and to pay a fine of fifty dollars.

Of the numerous errors assigned and argued by counsel we deem it unnecessary to discuss more than one.   In the trial of the case the defendant did not testify.   One of the grounds in the motion for a new trial is that the court erred in refusing to grant the same because the county attorney in his argument to the jury commented on the failure of the defendant to testify as

a witness. It appears from the record that in the course of his closing argument for the state the county attorney made some statements to which counsel for the defendant objected to as improper. Whereupon the county attorney continuing said, "None of the witnesses testifying here said or proved that it was for his own use.

"Mr. Wyatt: Defendant objects for the reason it is incompetent, irrelevant and immaterial.

"The Court: Sustained for the reason that it is indirectly commenting upon the defendant not taking the stand.

"The County Attorney: I said that he—not a witness in this case had testified that it was for his own use.

"Mr. Wyatt: The defendant objects.

"The Court: Sustained.

"County Attorney: If the court please I had no intention of referring to the defendant."

We think the remarks of the county attorney come within the prohibition of the statute, section 5881 Rev. Laws, which provides as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crime, offenses or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

The statutory provision is mandatory and when the defendant does not elect to testify as a witness in his own behalf, and the prosecuting attorney in his argument to the jury comments on the failure of the defendant to testify as a witness, such comments constitute reversible error.

*Wilson* v. *Territory,* 9th Okla. 331, 60 Pac. 112;

*Sturgis* v. *State,* 2nd Okla. Cr. 362, 102 Pac. 57;

*Brown* v. *State,* 3rd Okla. Cr. 442, 106 Pac. 808;

*Nowlin* v. *State,* 7th Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791;

In the case of *Weinberger* v. *State,* 8th Okla. Cr. 441, 128 Pac. 160, it is said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted."

It follows that the judgment must be reversed and the cause remanded for a new trial.

ARMSTRONG, J., concurs.