## G. KINDER v. STATE.

No. A-7473.   Opinion Filed June 28, 1930.
(289 Pac. 796.)

R. E. Bowling, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pontotoc county on a charge of perjury in having sworn falsely to the age of a girl for the purpose of obtaining a marriage license, and his punishment fixed at imprisonment in the state penitentiary for a period of five years.

The defendant alleges numerous errors, but for the purpose of deciding this case it will only be necessary to consider one of them. Defendant contends that the county attorney in his closing argument made grossly improper and unwarranted appeals to the prejudice of the jury and commented on the failure of the defendant to testify. It appears from the record that, during the closing argument of the state made by Mr. Winn, the following proceedings were had:

"By Mr. Goodwin: If the court please—the defendant moves the court to instruct the state's attorney to limit his argument to the facts in the case—

"By the Court: Overruled.

"By Mr. Goodwin: Exception.

"By the Court: I'll give you one other additional instruction—

"Gentlemen of the Jury—You will just consider the evidence that comes from the stand and what an attorney on either side says is not evidence—the attorneys may

make comments, but you consider the evidence that the court permits you to hear from the stand—

"By the Court: "All right, proceed with the argument."

Thereupon the court ordered the reporter to take down the remainder of the argument of Mr. Winn, which was done. In this argument counsel appealed first to the mob spirit and sought to arouse the passion and prejudice of the jury by saying:

"* * * The most fortunate thing that ever occurred in the life of this man is the fact that he is permitted to go to trial in a court of justice before a jury of good honest men on a charge of this kind. If it had happened, Mr. Blake, over in Arkansas, where you and I was raised, he would have never went to trial, and you know it. * * *"

Next, under the guise of the sanctity of the home, counsel said:

"* * * You talk to me about criminals—talk to me about white slave agents—I submit that the fair deductions of the evidence in this case warrants me in making this statement and warrants the jury in believing such a statement—that that man is nobody but a white slave agent—working—a man from Kansas City, Missouri, down here tolling little girls off from respectable family, that's been born and raised in this town, who has brought disgrace and debauchery upon one of the best families in this town, Henry. Are you going to permit a man of that character to come into this town and indulge in a thing of that kind. * * *"

The counsel next criticized the defendant in the following language:

"If your purposes were honest,—(referring to the defendant) and another thing, why don't you have your wife sitting around you here by you, she is sitting in this court room at this time. * * *"

Thereupon the following proceedings were had:

"By Mr. Goodwin: If the court please, that's highly prejudicial—there is no evidence that his wife is in the court room. * * *

"By the Court: Yes, you won't consider that statement, gentlemen—

"By Mr. Goodwin: I would like to have the court suggest that counsel stay within the record—

"By the Court: I will strike it out if I think he gets out of the record."

A careful examination of the record discloses that there was no evidence in the record tending to show that the defendant was a white slaver, nor that his wife was sitting in the court room, nor that defendant had attempted to invade any of the homes in that community, nor that he made the acquaintance of any other girls, nor that he attempted to induce any other girls to leave their homes and go away with him. These remarks were highly improper, and evidently made for the purpose of prejudicing the jury.

When counsel for the defendant objected to the remarks of Mr. Winn as being out of the record, it was error for the trial court to overrule such objections. The court should have sustained the defendant's objections and admonished counsel to stay in the record, and, if he failed to do so, the jury should have been excused and counsel reprimanded and forced to argue inside the record. This court has repeatedly held that, where counsel appeals to the mob spirit or goes outside of the record in his argument, as counsel did in this case, the cause would be reversed. Sights v. State, 13 Okla. Cr. 627, 166 Pac. 458; Childs v. State, 13 Okla. Cr. 461, 165 Pac. 622; Morgan v. State, 9 Okla. Cr. 22, 130 Pac. 522; Payne v. State, 21

Okla. Cr. 416, 209 Pac. 334; Murray v. State, 24 Okla. Cr. 113, 217 Pac. 891.

Defendant's counsel also contends in this connection that Mr. Winn, counsel for the state, commented on the fact that the defendant did not take the witness stand in the following language:

"Now, Gentlemen, I want to be fair and I want to be honest with this defendant, and I am going to be. The only evidence in this case, gentlemen of the jury, in behalf of the defendant is statement offered by attorney for the defendant when he made his statement to the jury— and I submit that not a single statement made by his counsel has been brought out by the evidence of the witnesses in this case—not one. * * *

"The little girl says 'I am 14 years of age' and he wanted her to change it and she wouldn't and he changed it—the little girl testified to that. Has that been disputed? Has there been a witness on the stand that disputed that fact? If so, tell me his name. Point him out to me. Why was that statement obtained, Charley? Mr. Franklin, did he present that statement to you? No. Where is that statement? and the distinguished counsel for the defense in this case undertakes to tell this jury that he presumed—Oh, yes, presumed it is in the possession of the county attorney in this case. There's a man experienced in this kind of business. There's a man engaged in this kind of business—There is a man obtaining from that little girl a statement in writing that would be a defense—when he was arrested. And he has got it in his possession today. Why didn't you produce that? * * *

"* * * Did he deny that? Does anybody deny that in this case? Has any of the facts set up in here been controverted by anybody? Has any facts stated by the little girl been contradicted or been controverted or denied? Has any of the facts stated by the court clerk been denied? * * *"

The trial court having denied defendant's counsel the right to object at the time argument was being made and advising him that he might make a general objection at the close of the argument, the defendant made such objection in the following language:

"By Mr. Goodwin: Defendant excepts to the entire closing argument of the state."

Section 2698, C. O. S. 1921, provides:

"In the trial of all indictments, information, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

This court has many times held that the provisions of this statute are mandatory, and that, if counsel comments either directly or indirectly upon the failure of the defendant to testify, this court must reverse the case. This court had under consideration this question in the case of Schrader v. State, 40 Okla. Cr. 261, 268 Pac. 325, and said:

"The statute which provides, where a defendant in a criminal case fails to testify in his own behalf, such failure must not be mentioned on the trial, is specific in its terms, and must not be violated, directly or indirectly."

The question is fully discussed in the body of the opinion in the above case. It appears from the record in the case at bar that counsel deliberately attempted to get before the jury in an adroit manner the fact that the defendant had not testified in his own behalf. This was highly improper and could not fail to be prejudicial to the rights

130

of the defendant. For the reasons stated, the cause is reversed and remanded, with instructions to proceed with the trial of the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.