## ALFRED BELL v. STATE.

No. A.-8669. May 4, 1934.
(32 Pac. [2d] 747.)

Joe Young, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. This is an appeal from the county court of Lincoln county. The parties hereinafter will be referred to as they appeared in the trial court. The defendant, Alfred Bell, was convicted of having possession of a complete still, and his punishment fixed at a fine of $50 and 30 days in jail.

An examination of the record discloses that the county attorney committed reversible error in his argument to the jury. The only question to be considered is the statement contained in the county attorney's argument to the jury, when he said:

"He knows he's as good as stuck. He (Mr. Young) didn't even put him (the defendant) on the witness stand."

Section 3068, O. S. 1931, provides as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not other-

wise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

The statute which provides, where a defendant in a criminal case fails to testify in his own behalf, said failure must not be mentioned by the trial court, is specific in its terms and must not be violated directly or indirectly. The statement as made by the county attorney is a direct reference to the defendant, and mentions the fact that the defendant's attorney did not even put him on the witness stand. There is nothing in the record to show that the statement of the county attorney was in reply to any argument advanced by the attorney for the defendant, as the record shows that after the county attorney made his statement, the defendant's attorney argued the case.

The statement of the county attorney amounted practically to a challenge to the defendant for not taking the witness stand. The conduct of the county attorney is such as to require a reversal of this case. Childs v. State, 13 Okla. Cr. 461, 165 Pac. 622; Shrader v. State, 40 Okla. Cr. 261, 268 Pac. 325; Shelton v. State, 49 Okla. Cr. 430, 295 Pac. 240.

The judgment of the trial court is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.