## F. L. RICE v. STATE.

No. A-9409. July 14, 1939.

(92 P. 2d 857.)

Reuel W. Little, of Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Sam Y. Colby, Co. Atty., of Madill, for the State.

BAREFOOT, J. The defendant was charged in the district court of Marshall county with the crime of receiving stolen property; was tried, convicted, and sentenced to serve a term of three years in the penitentiary, and has appealed.

It becomes necessary to consider only one of the assignments of error for the proper disposition of this case. The case-made contains a statement of the closing argument of the county attorney. This statement is made a part of the record.

The certificate of the county attorney was as follows:

"Comes now the county attorney of Marshall county, Oklahoma, and waives the suggestion of amendments to the case-made and transcript and waives notice of the signing, certifying and settling of said case-made, and agrees that the same may be certified, signed and settled as a true and

correct case-made and transcript in said cause, at any time without notice to him.

"(Signed) Sam Y. Colby,
"County Attorney."

The trial judge settled and signed the same as a true and correct case-made and transcript. Within the transcript, and as a part of the record, is a statement of the closing argument of the county attorney. A part of the same is as follows:

"If it please the court, gentlemen of the jury: I am just a hired hand up here working for the county of Marshall for the sum of $125 a month. You are just working for the county the same as I am. It is my duty to prosecute this defendant. I try to earn my money and I think I do. You are paid to act as jurors and it is your duty to enforce the law and to convict criminals like this defendant, the same as it is my duty to prosecute them. I earn my money and you earn your money when you convict these defendants. * * *

"Gentlemen of the jury, it is time to break up this dope ring in this county, and you can break it up or you can let it go. The defendant is down there selling dope to the young men and women of the county and it is up to you to send him to the penitentiary to get rid of him.

"Gentlemen of the jury, look at that courtroom of crowded people! What do they think about this case? What do the mothers out there who have sons who are going to be reared in this county think about this defendant? Yes, gentlemen of the jury, if that audience out there could pass on the guilt of this defendant, they would answer with one accord 'guilty.' I say, 'Give the doctor a dose of his own medicine.' * * *

"Gentlemen of the jury, the doctor did not employ any lawyer in this case, although, as you well know, he is amply able to employ a lawyer. He expects to come into court without a lawyer, without a witness, not even taking the witness stand on his own behalf, and without anything, expects you gentlemen to return a verdict in his favor.

"Gentlemen of the jury, I say to you that if there is a living God that you men do not have the guts to go out to

your jury room, under your oath, and return a verdict to this court of anything but 'guilty.' "

That part of the statement which says: "Gentlemen of the jury, the doctor did not employ any lawyer in this case, although, as you well know, he is amply able to employ a lawyer. He expects to come into court without a lawyer, without a witness, not even taking the witness stand on his own behalf, and without anything, expects you gentlemen to return a verdict in his favor," is in direct conflict with the statute, Oklahoma Statutes, 1931, section 3068, 22 Okla. St. Ann. § 701, which provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

This statute has been construed since the earliest days of this court to the present time, and it has been universally held that it is mandatory, and when it is violated, either in its letter or its spirit, a new trial must be granted, or upon appeal a reversal will follow. Sturgis v. State, 2 Okla. Cr. 362, 363, 102 P. 57; Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160; Rader v. State, 12 Okla. Cr. 354, 157 P. 270; Cokely v. State, 28 Okla. Cr. 431, 231 P. 330; Whitenack v. State, 46 Okla. Cr. 315, 285 P. 990; Kinder v. State, 48 Okla. Cr. 124, 289 P. 796; Shelton v. State, 49 Okla. Cr. 430, 295 P. 240; Turner v. State, 4 Lea, Tenn. 206, 209.

As stated by Judge Doyle in the case of Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160, 161:

"In the case of Brown v. State, 3 Okla. Cr. 442, 106 P. 808, it was held that:

" 'Where a defendant upon his trial fails to testify in his own behalf, and the prosecuting attorney comments

upon such failure to the jury, such comments constitute reversible error.'

"In the case of Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, it is said:

" 'It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit.'

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial. Every person accused of crime is entitled to a fair trial under the forms of law before he may be convicted."

And as stated by Judge Davenport, in the case of Bell v. State, 55 Okla. Cr. 439, 32 P. 2d 747:

"The statute which provides, where a defendant in a criminal case fails to testify in his own behalf, said failure must not be mentioned by the trial court, is specific in its terms and must not be violated directly or indirectly. The statement as made by the county attorney is a direct reference to the defendant, and mentions the fact that the defendant's attorney did not even put him on the witness stand. There is nothing in the record to show that the statement of the county attorney was in reply to any argument advanced by the attorney for the defendant, as the record shows that after the county attorney made his statement, the defendant's attorney argued the case.

"The statement of the county attorney amounted practically to a challenge to the defendant for not taking the witness stand. The conduct of the county attorney is such as to require a reversal of this case."

It cannot now be argued that the county attorney did not make the statement. The record was presented to him in person, which contained this statement. If he did not make it, the question should have been presented to the trial court, and settled by him before the final certificate was signed by the trial judge. The record as it now appears states the identical language as above quoted, and is the final record in this case.

In the trial of the defendant, it appears that he employed no lawyer, but defended himself. No exception was taken by him to the closing argument of the county attorney, but we are of the opinion that the error was fundamental and deprived the defendant of a substantial statutory right. Saunders v. State, 4 Okla. Cr. 264, 111 P. 965, Ann. Cas. 1912 B, 766; Cochran v. State, 4 Okla. Cr. 379, 111 P. 974; Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791.

In passing it may be well to state that the other statements made by the county attorney were highly improper. The statement that jurors are paid to enforce the law, and that they earn their money "when you convict these defendants," was improper. Jurors who are chosen are there for the purpose of judging the merits of the case with equal justice to the state and to the defendant. Their duty is performed and they have earned their reward when, after due and careful consideration, they have returned a verdict of guilty or not guilty, as the law and the facts justify. They should not be informed that they have earned their money when they convict the defendant.

The further statement, which has reference to what the "crowd in the court room" would do to the defendant, was highly improper. The defendant was entitled to be tried by the court and by the jury, who was sworn to try the case. Their verdict should be based upon the law and evidence, not what the crowd in the courtroom desired. The crowds in the courtroom are generally in sympathy with the defendant, and not with the state, because his friends most generally attend his trial.

The statement, "the defendant is down there selling dope to the young men and women of the county, and it is up to you to send him to the penitentiary to get rid of him," was also highly improper under the evidence in this case. This argument is based upon the testimony of one of the witnesses who swore that defendant, who was a doctor, had given morphine to his wife, who was sick, and whom the doctor was treating. There is nothing in the evidence to show that this medicine was given in any unusual way, or that it was not necessary in the proper treatment of this patient. There was no evidence that defendant was selling dope to young men or women, and for this reason the argument was highly improper.

In the case of Turner v. State, 4 Lea, Tenn., 206, the Attorney General, in his closing argument, told the jury "that there was a regular band of thieves in the neighborhood where this crime was committed. That the defendant, Turner, was one of them. * * * That unless the jury would convict the defendant in this case, he would not blame the people for taking the law in their own hands." The court said:

"There was no evidence before the jury to authorize this statement. * * *

"The Circuit Judge should not have permitted remarks of this character. It is his duty, whether objections be made by defendant's counsel or not, to see that no improper statements are made likely to influence the jury in their verdict, and that the cause is tried upon the sworn testimony of witnesses examined in open court in the presence of the accused, and that his right to cross-examine the witnesses should not be abridged. We do not mean to limit or restrict legitimate argument, but a statement of facts entirely outside of the evidence, and highly prejudicial to the accused, cannot be justified as argument. We have no disposition to exercise our revisory power in a censorious spirit, and we do not say that we would reverse for every departure from strict propriety in matters of this character, but we could not hesitate to do so when we can see that improper influences have been permitted to go

before the jury likely to deprive the defendant of a fair and impartial trial. The question being brought directly to our attention, we cannot pass it in silence.

"Too great care cannot be taken in excluding from the jury all improper influence. If we would make the preservation of jury trials a matter of boast, it ought, as far as possible, to be preserved in its purity. The guilty ought to be punished, but their conviction ought to be obtained upon the law and the evidence. We certainly mean no reflection upon the conduct of the Attorney-General and Circuit Judge, yet we think it was a violation of the defendant's legal rights."

This opinion expresses our views as applied to the facts in the case at bar.

For the reasons above stated the judgment of the district court of Marshall county is reversed, and it is so ordered.

DOYLE, P. J., and DAVENPORT, J., concur.