Clarence JACKSON, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12393.

Criminal Court of Appeals of Oklahoma.

March 6, 1957.

324

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Clarence Jackson was tried before a jury and convicted in the district court of Tulsa county where he was charged with driving a motor vehicle while under the influence of intoxicating liquor, after former conviction of a similar charge in the municipal criminal court of Tulsa. The jury fixed his punishment at one year in the State Penitentiary, and a fine of $25. Defendant has appealed and seeks reversal.

The opening statement in brief of counsel with reference to the evidence is: "The proof on the offense of driving while under the influence of intoxicating liquor at the time and place alleged in the information * * * is sufficient to sustain a judgment * * * of driving while under the influence of intoxicating liquor and we will but brief the evidence concerning the proof that same is a second and subsequent offense, as that is the only question involved in this appeal."

It thus appears that the question for determination so far as defendant's petition in error and brief are concerned, is a determination of the sufficiency of the evidence to show a valid former conviction, necessary to support the second offense charged, which if proven as an historical fact labels the charge a felony, otherwise a misdemeanor. 47 O.S.A. § 93, as amended Laws 1951, p. 128, § 1, Laws 1953, p. 191, § 1, Laws 1955, p. 263, § 1.

Counsel says: "We take the position that all the proof and records [submitted] do not constitute a valid judgment".

To prove the prior conviction of driving while under the influence of intoxicating liquor, alleged in the information to have been adjudged in the municipal court of Tulsa on May 6, 1954 and where the State alleged that defendant was sentenced to pay a fine of $125 and $6 court costs in case No. C–3308–4, George Striplin, Judge Presiding, the State first offered the testimony of the municipal court clerk.

Bob Taylor testified that he was the municipal court clerk of the city of Tulsa,

and had charge of the records of that court, and had the records in case No. 3308–4 where on May 6, 1954 defendant Clarence Jackson was charged with state drunk driving,[1] was arraigned, entered a plea of guilty and was fined $125 and costs, shown to have been $6. Witness was handed an instrument marked State's exhibit 1 and identified it as being a page from the Tulsa Municipal Court appearance docket showing case No. 3308–4. Witness testified that the sheet reflected the matters that he had testified to, and the court admitted same in evidence. This exhibit shows that Clarence Jackson was arraigned and plead guilty on May 6, 1954. There was a notation "125–6" which the clerk testified meant $125 fine and $6 court costs, as stated.

Witness was handed State's exhibit 2, and identified same as being municipal court case fine receipt and order of release No. 8976, and being in case No. 3308–4 where Clarence Jackson was defendant. This instrument showed that Clarence Jackson had been charged with violation of the drunken driving statute, and on May 6, 1954 had paid a fine and costs of $130 and was allowed $1 off his fine for one day served, and being settlement in full of fine and costs imposed in case No. 3308–4, and release of Clarence Jackson from confinement. Witness said that the original receipt was given defendant. Witness said that he did not accept the money personally but one of his deputies did, and that the money by the records was shown to have been received. Exhibit 2 was received in evidence.

Witness was then handed State's exhibit 3, and identified the instrument as being the criminal information in case No. 3308–4, Clarence Jackson, defendant. This exhibit was received in evidence, and reflects a charge where Clarence Jackson was informed against on May 5, 1954, of operating a described motor vehicle upon a public highway in Tulsa, Tulsa County, Oklahoma, while under the influence of intoxicating

liquor. The information was received in evidence.

Witness was handed an instrument marked State's exhibit No. 4, and identified it as a continued docket of the court for May 6, 1954, signed by the minute clerk and by the judge of the municipal court, and shown on its face to have been George P. Striplin, Judge of the Municipal Criminal Court, and Bradley Jesson, clerk of the court. It sets out that Clarence Jackson was charged with "Drunk Driving", was arraigned, plead guilty, and then follows the notation "125–6", said by the clerk to be a fine of $125, and $6 court costs. Also notation: "License suspended for one year."

George P. Striplin testified that during the year 1954 he was judge of the municipal court of Tulsa, and he was handed State's exhibit 4 and identified the signature thereto to have been made by him as judge of the court at the time entered. He said the sheets were from the journal of the court. Witness further testified that "commitments were issued if the party was to serve any jail time. If he were only to pay a fine and costs and if he had the money to pay that fine and costs, commitments and individual releases were not issued." He testified that the exhibits shown him constituted the entire record of the proceeding in the case.

 It is argued by defendant that the above evidence was insufficient to show a former conviction in the municipal criminal court of Tulsa. We agree that for a court of record, the system being followed in the municipal criminal court of Tulsa leaves much to be desired. The minutes should spell out just what happened without any need for interpretation. The city attorney should prepare a form of judgment with blanks to be filled in to fit the particular case, to be signed by the trial judge, where the defendant would be convicted for violation of a state law.

Counsel relies principally on the case of

---

1. As distinguished from a violation of a city ordinance, the court in question having jurisdiction to try cases for violation of city ordinances, but being also a court of record, had special power to try misdemeanors. 11 O.S.1951 § 782.

Morse v. State, 63 Okl.Cr. 445, 77 P.2d.757 for reversal. That case is distinguishable from the within case in that there the county attorney had depended upon the appearance docket alone to establish the former conviction. It was held that the introduction of an appearance docket alone was insufficient to establish a former conviction for the unlawful possession of intoxicating liquor.

In Rheuark v. State, 78 Okl.Cr. 121, 144 P.2d 754, a case appealed from the municipal criminal court of Tulsa, where the defendant did not plead guilty but his guilt was established by a verdict of a jury, in paragraph 2 of the syllabus this court said:

"Where defendant was charged with the crime of driving a motor vehicle while under the influence of intoxicating liquor, and it was further charged that he had prior thereto been convicted of the same offense, the court did not err in permitting the introduction of the information, the verdict of the jury, and the appearance docket showing the judgment and sentence of the Municipal Criminal Court of the City of Tulsa, of the prior conviction, where these were the only records kept by the court."

See also Bassett v. State, 42 Okl.Cr. 126, 274 P. 893. Not directly in point but of interest, see State v. Koenig, 240 Iowa 592, 36 N.W.2d 765.

Counsel also called attention to the fact that nowhere in the record does it appear that evidence was offered to show that the Clarence Jackson involved in case No. 3308-4, heretofore referred to, was the same Clarence Jackson charged in the within case. This question was treated in Pitzer v. State, 69 Okl.Cr. 363, 103 P.2d 109, 110. There it was held:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered of one of the same name as that of the defendant on trial, the same will be considered as *strong* *circumstantial evidence* that the person named in the former conviction and the defendant on trial are one and the same person; *and where no contradictory evidence is introduced,* the same will be held to be sufficient to show a prior conviction." (Emphasis supplied.)

But the above does not dispose of this case, as on oral argument at that late hour, counsel found fault with instruction No. 5 given by the court, claiming that the giving of such instruction constituted fundamental error. We note that no objection was made at trial to any instruction given, nor were different instructions suggested or offered.

Section 1068 of Title 22 O.S.1951 provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

No contention is advanced by defendant but that the evidence on the part of the State was sufficient to support the charge. In fact the record indicates no miscarriage of justice, but the problem is to determine whether or not the claimed instruction of the jury constituted a substantial violation of a constitutional or statutory right.

The instruction complained of reads:

"You are, therefore, instructed that if you find beyond a reasonable doubt, that the defendant did unlawfully, wilfully, knowingly and feloniously, drive and operate a certain motor vehicle, to-wit: a 1951 Pontiac sedan, bearing 1955 Oklahoma license number 2-

59788, on Oklahoma State highway No. 11, at a point .1 miles east of Tulsa in Tulsa County, Oklahoma, while under the influence of intoxicating liquor, then you will find the defendant guilty of driving while under the influence of intoxicating liquor, second and subsequent offense.

"If you do not so find, or should you entertain a reasonable doubt thereof, or if you find the defendant was not under the influence of intoxicating liquor as alleged in the information, you should find the defendant not guilty."

It is at once noticeable that the instruction did not make it a prerequisite for conviction of the defendant of the crime charged that the jury must first have found that defendant had been previously convicted on May 6, 1954 in the Municipal Criminal Court of Tulsa County of the crime of driving while under the influence of intoxicating liquor as charged in the information. By the instruction given, the jury was required only to determine that the defendant was guilty of the offense of November 7, 1955 without determining as an historical fact that he had been previously convicted on a similar charge, necessary in order to give the district court jurisdiction of the case. The court in effect took from the jury this fact question. The State, as we have seen, did not attempt to prove that the Clarence Jackson in the two cases was one and the same person, but by reason of the record presented the State did make out a circumstantial case for the determination by the jury.

■ It is not every misdirection of the jury that will entitle a defendant to a new trial. Curtis v. State, 69 Okl.Cr. 278, 101 P.2d 1062.

However, we observe additionally that instruction No. 4 was wholly inapplicable. It reads:

"You are instructed that evidence has been introduced tending to show that the defendant has heretofore been convicted of other offenses against the laws of Oklahoma, distinct and separate from the offense charged in the information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the information in this case, but should you find from the evidence that such other convictions have been had, you may, in your discretion, consider the same; as such facts may or may not, in your judgment, affect the weight and credit which you will give to the testimony of the defendant, but for no other purpose. A person may not be convicted of the commission of one offense by any proof tending to show that he may or may not have committed another offense."

■■ The defendant, as we have stated, did not testify. There was no evidence that he had been convicted of previous crimes. It would have constituted reversible error to have attempted to prove other crimes, under the circumstances, except the previous conviction for drunken driving alleged in the information, necessary to give the district court jurisdiction. This instruction could be calculated only to confuse and call attention to the fact that the defendant did not testify. See 22 O.S.1951 § 701; Bell v. State, 55 Okl.Cr. 439, 32 P.2d 747; Shepherd v. State, 77 Okl.Cr. 131, 139 P.2d 605.

■ In view of the weakness in the proof of former conviction and that the jury was not permitted to determine such as an historical fact, necessary to give the district court jurisdiction, and the giving of instruction No. 4 wholly inapplicable to the facts in the case, the errors shown cannot be held harmless, but prevented defendant from having a trial under orderly procedure to which he was entitled. He is, therefore, entitled to a new trial.

Reversed and remanded for new trial.

BRETT, P. J., and NIX, J., concur.