**Gerald HILDAHL, d/b/a Risque Book Store, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–604.**

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Rehearing Denied June 23, 1975.

Don E. Gasaway, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellant, Gerald Hildahl, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Tulsa County for the crime of Sale of a Magazine Showing Acts of Sexual Intercourse in violation of 21 O. S. § 1040.51. The jury assessed punishment at 1 year in the state penitentiary and a fine of $10,000.00. From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

The State then called one witness, Don Burris, who testified that as a private citizen and in response to a plea for help in the newspaper from the District Attorney for the citizens of Tulsa to help prosecute pornography dealers he purchased on the 9th day of September, 1972, from the defendant at the Risque Book Store, an adult bookstore, a copy of a magazine entitled "Heav-ly Bodies." The magazine, which contained explicit photographs of persons engaged in sexual intercourse, was admitted into evidence and submitted to the jury for examination. The State then rested.

The defendant called two witnesses who testified that they had seen sexually explicit material before and that the particular magazine in question did not appeal to their prurient interests. They further testified that they had talked to people in the community and it was their opinion that the community believed that adults should have the right to read and see sexually explicit material if they wanted to.

■ The defendant's first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 and its companion cases. The defendant further urges that the retroactive application of the Miller standards to the defendant in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P. 2d 373, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions in Hess et al. v. State, Okl.Cr., 536 P.2d 366 and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L. Ed.2d 590 (1974) and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

■ The defendant's next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to issuance of a warrant for the arrest of the defendant. We disagree. In both *Combs* cases, supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 533 P.2d 624, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved.

■■ The defendant next contends that the burden of proof was improperly placed on the defendant to prove his innocence rather than upon the State to prove his guilt, arguing that the only evidence of obscenity, submitted by State was the magazine itself. It is not a mandatory prerequisite to establish a prima facie case that the State present witnesses to establish the existence of the Miller standards. The introduction of the material and submission of same to the jury is sufficient. McCrary v.

State, Okl.Cr., 533 P.2d 629, and Combs v. State, Okl.Cr., 536 P.2d 373.

■ The defendant further argues that Instruction No. 6 given by the trial court placed the burden of proving non-obscenity on the defendant. Instruction No. 6 is as follows:

"You are further instructed that the laws of the State of Oklahoma do not prohibit the sale of such material meeting the following standards:

1. Pursuant to medical prescription or for use in any recognized school of medicine or veterinary science for education purpose.

2. If the average person, applying contemporary community standards, would not find that the material, taken as a whole, appeals to one's prurient interest.

A. In applying contemporary community standards the material's impact on an average person must be determined, not the impact on a particularly susceptible or sensitive person, or, indeed, a totally insensitive one.

B. Prurient is defined by Funk & Wagnalls dictionary as: 1. Impure in thought and desire; lewd. 2. Having lustful cravings or desires. 3. Longing, desirous.

3. If the depiction, otherwise prohibited by the State Law, of sexual conduct, is not so depicted in a patently offensive way.

4. If the material, taken as a whole, is of literary, political, artistic or scientific value.

If, after considering all of the evidence, whether introduced by the State or by the defendant, you find that the sale of State's Exhibit No. 1 is not prohibited by reason of falling within one of the above categories, or if you have a reasonable doubt in this regard, it is your duty to resolve this case in favor of the defendant and acquit him."

It is the opinion of the Court that Instruction No. 6 as submitted sufficiently sets out the Miller standards. The defendant is required to make no proof. It is up to the jury to determine if the standards are satisfied.

■ The defendant next urges that the prosecutor made improper comments on closing argument calculated solely for the purpose of embarrassing the jury or arousing their passion and prejudice. We agree. The record reflects the following comment made by the assistant district attorney:

"It disgusts me to have to come up and present a case like this to a jury and sit here and watch ladies and gentlemen of the jury, people of our community, to sit there and have to look at this stuff *while people are outside giggling at you. That's disgusting, because that's what's happening right here in Tulsa County ladies and gentlemen."* (emphasis added)

The above comment is clearly erroneous and made solely for the purpose of embarrassing the jury. See Rice v. State, 66 Okl.Cr. 434, 92 P.2d 857. However, there is no reasonable doubt as to the defendant's guilt and any embarrassment or passion caused by said comment tended only to enhance punishment. Therefore, the judgment and sentence appealed from is modified to a term of one (1) year in the state penitentiary and a fine of $5,000.

BRETT, P. J., and BUSSEY, J., concur.